# In the United States Court of Federal Claims

No. 19-1957C
(Filed: January 2, 2020)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ABRAHAM PORTNOV,

           *Plaintiff,*

v.

THE UNITED STATES,

           *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff filed his complaint on December 23, 2019, alleging that this court, the United States Court of Appeals for the Federal Circuit, and the Department of Justice acted fraudulently in a case previously filed and dismissed.[1] Compl. at 1. Plaintiff states that his goal is to "eliminat[e] judicial mistakes," and he asks this court "to review the former mistaken decision . . . ." Compl. at 2. We need not wait for defendant to file a motion to dismiss plaintiff's complaint, because it is clear on the face of the complaint that this court lacks jurisdiction to consider it.[2]

Under the Tucker Act, this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act does not create a cause of action; instead "plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

---

[1] The prior, closed case is *Portnov v. United States,* No. 17-0672.
[2] Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

7018 2290 0000 5183 2899

Although this court affords *pro se* plaintiffs lenience, a *pro se* plaintiff must still demonstrate that the court has jurisdiction over his claim. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff asks the court to review a prior decision in a separate case and a prior dismissal of an appeal by the Federal Circuit. Neither request in this complaint is within this court's jurisdiction. The procedure for requesting reconsideration of a decision are prescribed by the rules of this court; that procedure does not include filing a new complaint to seek reconsideration. *See* RCFC 59, 60. Moreover, this court lacks authority to review decisions of the Federal Circuit. Because the court lacks jurisdiction over plaintiff's claim, his complaint must be dismissed. RCFC 12(h)(3). The Clerk of Court is directed to enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge